IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN M. PITZER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action Number: |
| | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| RINGGOLD AREA SCHOOL DISTRICT, | ) | |
| and DWAYNE HOMA, individually | ) | *Electronically Filed* |
| | ) | |
| Defendants. | ) | |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, KATHLEEN M. PITZER, by and through her attorneys, SCANLON & SANSONE and JOEL S. SANSONE, ESQUIRE, and brings this Complaint of which the following is a statement:

PARTIES

1. Plaintiff, Kathleen M. Pitzer, is an adult female citizen of the Commonwealth of Pennsylvania, residing in Eighty Four, Pennsylvania.

2. Defendant, Ringgold Area School District, is a political subdivision of the Commonwealth of Pennsylvania and at all times relevant hereto operated under the statutes of the United States with its principal offices located at 400 Main Street, New Eagle, Pennsylvania 15067. At all times relevant hereto, the Defendant was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

3. Defendant, Ringgold Area School District, is and at all times relevant hereto has been an employer in an industry affecting commerce within the meaning of Section

701(b) of the Civil Rights Act of 1964 (as amended), 42 USC 2000(e)(b), and is thus covered by the provisions of Title VII.

4. Defendant, Dwayne Homa, is an adult citizen of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5. This is an action to redress the deprivation by the Defendants of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination and retaliation in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, 29 U.S.C.A. §621 et seq. ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. (as amended)("Title VII") and the Civil Rights Act of 1991 (as amended), as well as pendent state law claims.  Declaratory relief is sought under and by virtue of Title 28 U.S.C. §§2201 and 2202.  Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

6. All, or substantially all, of the events, facts and circumstances giving rise to the instant Complaint occurred in the Western District of Pennsylvania and therefore venue is appropriate under Title 28 U.S.C. §1391 (b)(2) and (c).

7. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

    A. Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about September 30, 2009, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

    B.       The EEOC issued a Notice of Dismissal and Right to Sue Letter dated August 31, 2010; and

    C.       Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

8.      A **JURY TRIAL** IS DEMANDED AS TO ALL COUNTS TO THE EXTENT PERMITTED BY LAW.

## FACTUAL ALLEGATIONS

9.      Plaintiff was employed by the Ringgold Area School District, where she was purportedly employed as a math teacher.

10.      On or about November 24, 2005, Plaintiff filed a charge of discrimination against the Defendant School District and Defendant Homa.  Mr. Homa was and is a principal in the Ringgold School Area School District.  In that charge of discrimination, Plaintiff charged the school district and Mr. Homa with various acts of harassment and discrimination based upon her age.

11.      On or about July 7, 2006, Plaintiff filed a Complaint in the United States District Court for the Western District of Pennsylvania against the Defendants.  That Complaint charged the Defendants here with sex and age discrimination.

12.      In or about August 2007, Plaintiff was required to take sabbatical leave as a direct result of the conduct described in her original Complaint, and the effect which that conduct had on Plaintiff's emotional, mental and physical health.  The sabbatical lasted until her return to work beginning on or about August 16, 2009.

13.      On or about January 2, 2009, the original Complaint was voluntarily settled and discontinued.

14.     After Plaintiff's return to work, and even prior thereto, she continued to be subjected to a course of discrimination and retaliation by Defendant Homa and others acting on behalf of the Defendant School District.  This discrimination and/or retaliation includes, but is not limited to being denied the opportunity for a regular classroom teaching assignment, and being denied an assignment to teach an advanced mathematics course.  To the contrary, Plaintiff was relegated to an extremely limited teaching assignment which involved a significant reduction in her duties and responsibilities and which constitutes a demotion, particularly in her status as a mathematics teacher.

15.     Other teachers, who are younger, less qualified and/or have less seniority than Plaintiff, and who have not made complaints of discrimination in the past, were given regular classroom teaching assignments, as well as preferential assignments.

16.     In addition, Plaintiff was denied access to proper equipment necessary to complete her current assignment.  This includes the denial of her request for a Promethean Board, which is an internet based teaching tool provided to virtually every other member of the Defendant's faculty.  Plaintiff was denied timely access to certain calculators which were critical to her success in her current assignment.

17.     Other similarly situated teachers, who are younger, less qualified and/or have less seniority than Plaintiff, and who have not made complaints of discrimination in the past, were given approval for reasonable requests for equipment needed to effectively carry out their teaching responsibilities.

18.     Moreover, Plaintiff was subjected to excessive scrutiny in her assignment as a math instructor.  Other teachers were not subjected to excessive scrutiny.  Specifically,

Plaintiff was investigated for an incident which occurred in one of her classrooms. Although this incident involves a relative minor set of circumstances, the investigation undertaken by the Defendant was far greater in scope and effort than any investigation of any actions by any similarly situated faculty member of the Defendant in the entire relevant history of the School District.  Plaintiff, as well as union representatives, is of the opinion that, because an investigation of this magnitude has never been undertaken, the investigation was motivated by a desire on the part of the School District to retaliate against Plaintiff based upon her earlier charge and Complaint as described above.

19.	As a direct and proximate result of the conduct of the Defendants, as described above, the Plaintiff was constructively discharged from her employment on or about October 30, 2009.

20.	The actions of the Defendants, and each of them, are part of a pattern, plan or practice of discriminating and/or retaliating against older employees and/or employees who engage in protected activity which may affect other employees who are similarly situated to the Plaintiff.

COUNT I:

AGE DISCRIMINATION

21.	Plaintiff incorporates Paragraphs 1 through 20 as though fully set forth at length herein.

22.	As described hereinabove, Plaintiff was treated less favorably than similarly situated younger employees and/or than employees who had not made prior complaints of discrimination against the Defendants.  Specifically, the Defendants have authorized

appropriate equipment necessary for teachers within the school to properly perform their duties and responsibilities.  Moreover, Defendants have provided regular classroom teaching assignments to younger employees who had not complained about discrimination relative to said Defendants while Plaintiff, who is more qualified than the younger teachers described above, has been denied regular classroom assignments and advanced mathematics teaching assignments.  Furthermore, Plaintiff has been subjected to excessive scrutiny while younger teachers who had not made formal complaints regarding the Defendants have not been subjected to such scrutiny or investigations regarding minor sets of circumstances and/or even more egregious circumstances.  As a direct and proximate result of the conduct of the Defendants, as described above, the Plaintiff was constructively discharged from her employment on or about October 30, 2009.

23. The actions of the Defendant in denying Plaintiff an equal opportunity to continue and advance in her employment with the Defendant without age discrimination constitute violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. §621 et seq. and the Civil Rights Act of 1991.

24. As a direct result of the Defendants' discriminatory actions in violation of the ADEA and the Civil Rights Act of 1991, Plaintiff has lost wages and other economic benefits of her employment with the Defendants. Additionally, the Plaintiff has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress.  Moreover, Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

25. The actions on the part of the Defendants are part of a plan, pattern or practice of discriminating against older employees in the type and manner described above which may affect others similarly situated to the Plaintiff.

26. Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendants and this suit for injunctive relief is her only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' age discrimination policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

WHEREFORE, Plaintiff, Kathleen M. Pitzer, respectfully prays that judgment be entered in her favor against the Defendants and that the Court:

   a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA, and the Civil Rights Act of 1991 (as amended);

   b. permanently enjoin the Defendants, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

   c. order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of age;

   d. award Plaintiff the amount of wages and other benefits lost due to the Defendants' unlawful termination plus interest from the date of discrimination;

   e. order the Defendants to reinstate Plaintiff to the position she should have held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

    f.    adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which she would be enjoying but for the discriminatory practices and actions of the Defendants;

    g.    that in addition to the damages above, the Court award the Plaintiff compensatory, punitive and liquidated damages as a result of the Defendants' willful violation of the ADEA and the Civil Rights Act of 1991;

    h.    award the Plaintiff reasonable attorneys' fees and costs of this action;

    i.    award the Plaintiff pre-judgment and post-judgment interest; and

    j.    grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

<u>RETALIATION</u>

27.    Plaintiff incorporates Paragraphs 1 through 26 as though fully set forth at length herein.

28.    Plaintiff engaged in protected activity beginning in November 25, 2005, when she filed a charge of discrimination against the same Defendants herein, and she further engaged in protected activity by filing a Complaint in the United States District Court for the Western District of Pennsylvania on July 7, 2006.  As a result of the conduct to which Plaintiff has been subjected, Plaintiff was forced to be on a sabbatical leave for approximately two years.  When she returned from the sabbatical leave, her federal lawsuit had been voluntarily settled and discontinued.  However, immediately upon her return to work, Plaintiff began to be subjected to a course of retaliation as described more fully hereinbefore above.  Such retaliation includes, but is not limited, to denial of regular classroom teaching assignments, denial of advance math teaching assignments, denial of

equipment necessary to properly perform her teaching duties and responsibilities, and pretextual unwarranted excessive scrutiny and/or disciplined. All such retaliatory conduct occurred almost immediately upon Plaintiff's return to work from her sabbatical leave. The direct and proximate result of the actions described hereinbefore above was the constructive discharge of the Plaintiff on or about October 30, 2009.

29.     As a direct result of Defendants' retaliatory actions in violation of the ADEA, the Civil Rights Act of 1964 and the Civil Rights Act of 1991, Plaintiff has lost wages and other economic benefits of her employment. She has been forced to endure pain, suffering, humiliation, inconvenience, stress, anguish and mental and emotional distress. Moreover, Plaintiff has incurred counsel fees and other costs of pursuing her legal rights.

30.     Plaintiff has no other plain, adequate or complete remedy at law to redress the wrongs done to her by the Defendants and this suit for injunctive relief is her only means of securing just and adequate redress and relief. Moreover, Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' retaliatory policies, practices, customs and usages as set forth herein until and unless the same are enjoined by the court.

WHEREFORE, Plaintiff, Kathleen M. Pitzer, respectfully prays that judgment be entered in her favor against the Defendants and that the Court:

a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the ADEA, and the Civil Rights Act of 1991 (as amended);

b. permanently enjoin the Defendants, its officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

    c.       order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of age;

    d.       award Plaintiff the amount of wages and other benefits lost due to the Defendants' unlawful termination plus interest from the date of discrimination;

    e.       order the Defendants to reinstate Plaintiff to the position she should have held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

    f.       adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which she would be enjoying but for the discriminatory practices and actions of the Defendants;

    g.       that in addition to the damages above, the Court award the Plaintiff compensatory, punitive and liquidated damages as a result of the Defendants' willful violation of the ADEA and the Civil Rights Act of 1991;

    h.       award the Plaintiff reasonable attorneys' fees and costs of this action;

JURY TRIAL DEMANDED

## COUNT III:

### PENNSYLVANIA HUMAN RELATIONS ACT

31.    Plaintiff incorporates Paragraphs 1 through 30 as though fully set forth at length herein.

32.    This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the

other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

33. As described hereinbefore above, Plaintiff was subjected to a hostile work environment created by Defendant Homa.

34. By discriminating against the Plaintiff without just cause or legal excuse and solely because of her age and participation in a protected activity, and by permitting the discrimination against the Plaintiff as aforementioned, the Defendants have violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon age with respect to compensation for, continuation in and tenure of, employment as well as prohibiting the aiding and abetting of such discrimination.

35. As a direct result of the Defendants' discriminatory and retaliatory actions, and violations of the PHRA, the Plaintiff has lost wages and other economic benefits of her employment with the Defendant School District. In addition, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights. The Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

36. As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendants' discriminatory actions, great pecuniary loss and damage, as well as pain, suffering, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing may be permanent in nature. Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

37. The actions on the part of the Defendants were intentional and willful.

WHEREFORE, Plaintiff, Kathleen M. Pitzer, requests the following:

a. enter a declaratory judgment that the practices, policies, customs and usages complained of herein are unlawful and violative of the PHRA;

b. permanently enjoin the Defendants, their officers, affiliates, subsidiaries, successors, managers, supervisors, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices and actions shown to be in violation of applicable law;

c. order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices and actions shown to be in violation of applicable law so that the said practices and actions do not discriminate on the basis of age;

d. award Plaintiff the amount of wages and other benefits lost due to the Defendant's unlawful termination plus interest from the date of discrimination;

e. order the Defendant to reinstate Plaintiff to the position she should have held before she was discriminated against, with the accumulated seniority, fringe benefits, and all other rights or in the alternative award the Plaintiff front pay;

f. adjust the wage rates, salary, bonuses, position and benefits for Plaintiff to that level which they would be enjoying but for the discriminatory practices and actions of the Defendant;

g. in addition to the damages above, the Plaintiff request that the Court award the any other damages as provided for by the PHRA;

h. award the Plaintiff reasonable attorneys' fees and costs of this action;

i. award the Plaintiff pre-judgment and post-judgment interest; and

j. grant the Plaintiff such additional relief as may be just and proper.

                Respectfully submitted,

                s/Joel S. Sansone
                Joel S. Sansone, Esquire
                PA I.D. No. 41008
                Scanlon & Sansone
                2300 Lawyers Building
                Pittsburgh, Pennsylvania 15219
                (412) 281-9194

Dated:  November 24, 2010