IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| KATHLEEN M. PITZER, | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 10-1564 |
| v. | ) | Magistrate Judge Bissoon[1] |
| RINGGOLD AREA SCHOOL DISTRICT, *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

Defendants' Motion to Dismiss (Doc. 7) will be granted in part and denied in part.

Plaintiff assents to the dismissal of the individual liability claims against Defendant Homa for discrimination and/or retaliation under Title VII, the ADEA, and the PHRA. *See* Pl.'s Response (Doc. 21) at 1-2. Plaintiff also abandons her claim for punitive damages under Title VII, and concedes that compensatory and punitive damages are unavailable under the ADEA. *Id.* at 2. In light of these concessions, Defendants' Motion to Dismiss is granted as to these claims.

Defendants' Motion to Dismiss regarding punitive damages more generally, however, is denied. Within the context of employment discrimination, punitive damages are available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Alexander v. Riga, 208 F.3d 419, 430-31 (3d Cir. 2000) (citations omitted).

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (Docs. 6 & 13).

Reckless indifference refers not to the egregiousness of a defendant's alleged conduct, but to the knowledge that he or she may be acting in violation of federal law. *Id.* at 431 (citations omitted).

Plaintiff has alleged sufficient facts to support a reasonable inference that Defendants may be liable for punitive damages. *See* Warren Gen'l Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (reciting standards applicable under Rule 12(b)(6)) (citations omitted); *see also* Compl. (Doc. 1) at ¶¶ 13, 14, 18 (alleging that, after Defendants settled Plaintiff's prior claims of unlawful employment discrimination, Defendants retaliated against Plaintiff and subjected her to excessive scrutiny). Defendants' request for dismissal of Plaintiff's claims for punitive damages, therefore, is denied, although the denial is without prejudice to Defendants renewing their argument on a more fully developed record.

Thus, Defendants' Motion to Dismiss (**Doc. 7**) is **GRANTED IN PART** and **DENIED IN PART**, to the extent described above.

IT IS SO ORDERED.


August 22, 2011                           s\Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record