IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN M. PITZER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1564 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RINGGOLD AREA SCHOOL DISTRICT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**I. MEMORANDUM**

For the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 34) will be denied.

Plaintiff has brought this lawsuit against Ringgold Area School District, the only remaining Defendant ("Defendant," or "the School"), alleging retaliation under the ADEA, Title VII and the PHRA. Plaintiff brought a prior lawsuit against Defendant in this Court, claiming age and gender discrimination. The case settled, and Plaintiff resumed employment at the School. Approximately nine months after the settlement, Plaintiff resigned under circumstances she describes as constructive discharge. *See generally* Compl. (Doc. 1) at ¶¶ 11-19.

On summary judgment, Defendant argues that Plaintiff's workplace grievances are not sufficiently adverse to support a claim of retaliation. *See* Def.'s Br. (Doc. 35) at 5-12 (conduct in response to protected activity must be sufficiently adverse that it "well might . . . dissuade[] a reasonable worker from making or supporting a charge of discrimination") (citation to quoted

source omitted).  Many of Defendant's arguments, however, raise issues of material fact, and the Court also does not believe it proper to view the aggrieved acts, and Defendant's explanations therefor, in isolation.  *See generally* <u>Graves v. St. Joseph County Health Dept.</u>, 2012 WL 4118588, *26 (N.D. Ind. Sept. 17, 2012) ("a plaintiff might have a cognizable claim of retaliation based on acts which, although seemingly appropriate and nondiscriminatory when considered in isolation, bespeak retaliation when considered together") (citation to quoted source omitted).  In addition, a significant jury issue exists regarding whether Defendant's investigation of an incident that occurred in Plaintiff's classroom was excessive and/or disproportionate in relation to her purported offense.  *See* Pl.'s Stmt. of Facts (Doc. 41) at ¶ 100 (asserting that investigation into Plaintiff's incident was far greater in scope and effort than that of any other faculty member, and that her union representatives stated they had never seen an investigation of this magnitude and believed it was motivated by Defendant's desire to retaliate).  Defendant has offered no reasoned basis for the Court's deciding the question of proportionality as a matter of law, and this issue, alone and in combination with Plaintiff's other allegations of mistreatment, preclude a grant of summary judgment.

Defendant next argues that Plaintiff has failed to introduce sufficient evidence regarding a hostile work environment.  *See* Def.'s Br. at 12-14.  Although the pleadings do make a single, passing reference to "hostile work environment," *see* Compl. at ¶ 33, the Court does not believe that Plaintiff intended to, or has, asserted such a discrete claim.  "Hostile work environment" is a term of art, and it should not be confused or conflated with other theories of employment discrimination/retaliation.  As this Court previously has explained:

> There is a qualitative difference between the types of evidence that support a hostile work environment claim and a traditional discrimination [or retaliation] case. . . . [H]ostile work environment claims are qualitatively different from discrete acts of discrimination . . . .  Within the context of sex discrimination,

>for example, hostile work environment claims typically involve: the use of sexual, gender-biased, or gender-hostile language; the open viewing of sexually explicit or pornographic materials; the writing of sexually charged notes or messages; or lewd or lascivious behavior, including physical and/or sexual contact with the victim. These types of conduct, if sufficiently pervasive or regular, may be viewed as creating a work environment sufficiently hostile to adversely affect a reasonable person.
>
>[Evidence of a hostile work environment should not be confused with] evidence show[ing that] the [p]laintiff endured a series of discrete [discriminatory or retaliatory] events that were sufficiently intolerable to cause a reasonable person to resign[, *i.e.*, that satisfy the legal standard for constructive discharge].

Stremple v. Nicholson, 2006 WL 1744316, *4 (W.D. Pa. Jun. 22, 2006) (citations and internal quotations omitted).

Having carefully reviewed the Complaint in its entirety, the Court finds no reason to believe that Plaintiff has attempted to state a discrete claim of hostile work environment. This issue is a red herring, and the Court and parties will be well served to dispense with it moving forward.

Finally, Defendant moves for summary judgment on Plaintiff's claim that she was "retaliated against based on age." *See* Def.'s Br. at 14-15. As the Court reads the Complaint, Plaintiff claims of retaliation are based on her engagement in protected activity, not based on her age. *See* Compl. at ¶ 20 *and* Count II. Under the circumstances, Defendant has not demonstrated its entitlement to summary judgment.[1]

---

[1] Defendant may have meant to request summary judgment on Plaintiff's claims of age discrimination. *See* Compl. at Count I (alleging same). Although age discrimination technically remains part of this case, it seems clear from the parties' submissions that this action, first and foremost, is one for retaliation. While Defendant has not demonstrated entitlement to summary judgment regarding age discrimination, the Court questions whether the benefits of presenting this theory at trial outweigh the potential for juror confusion and issue dilution. Furthermore, Plaintiff's ability to withstand summary judgment on her retaliation claims appears, as a practical matter, to render moot any further discussion of the age claims at this time.

Consistent with the foregoing, the Court hereby enters the following:

## II. ORDER

Defendant's Motion for Summary Judgment (**Doc. 34**) is **DENIED**.

IT IS SO ORDERED.


December 5, 2012                                     s\Cathy Bissoon
                                                     Cathy Bissoon
                                                     United States District Judge

cc (via ECF email notification):

All Counsel of Record